Arnold **SCHILDHAUS**, Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent-Appellee.

No. 10, Docket 30451.

United States Court of Appeals Second Circuit.

Argued Nov. 17, 1966.

Decided Dec. 30, 1966.

Arnold Schildhaus, pro se.

Marco S. Sonnenschein, Atty., Dept. of Justice (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., of counsel), for respondent-appellee.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

MOORE, Circuit Judge:

Respondent-appellee, the Commissioner of Internal Revenue (Commissioner), assessed deficiencies against the petitioner-appellant, Arnold Schildhaus, for the taxable years 1954, 1955 and 1956. Schildhaus filed a petition in the Tax Court to have the deficiencies redetermined. While the bulk of the petition deals with prior litigation concerning the same taxable years, paragraph 13 reads:

"Petitioner asserts the statute of limitations as a defense in this action."

On April 22, 1965, the Commissioner filed a motion for a "further and better statement" of the defense of the Statute of Limitations, requesting that Schild-

haus be required to give the date and place of filing of the returns for the taxable years in issue (since the Statute of Limitations does not begin to run until a return is filed) and any other facts upon which Schildhaus relied to prove that the Statute of Limitations was a defense. The motion further requested that paragraph 13 be stricken if Schildhaus did not give the required information.

On May 19, 1965, Schildhaus filed a response to the motion which referred again to the prior litigation wherein he had testified as to where he had filed, but not when.

On June 9, 1965, the hearing on the motion was held. Schildhaus did not appear, but his response was before the court. The court felt that his response was insufficient, and granted the motion ordering Schildhaus to file a further and better statement by July 14, 1965 or show cause why the defense in paragraph 13 should not be stricken. Pursuant to Schildhaus' motion, this date was changed to September 8, 1965.

On September 3, 1965, Schildhaus filed a supplemental statement or "amended complaint" which still did not state when the returns were filed. He did not appear at the September 8th hearing to show cause why paragraph 13 should not be stricken. At that hearing, the Commissioner asserted that Schildhaus' "amended petition" failed to comply with the order dated June 9 and orally moved to dismiss for failure properly to prosecute. The hearing was continued until September 22, 1965, in order to assess the sufficiency of Schildhaus' supplemental statement. The notice of continuation failed to include any reference to the Commissioner's oral motion to dismiss. On September 22, 1965, in Schildhaus' absence, the Commissioner renewed his oral motion to dismiss the complaint, alleging that the "amended petition" failed to comply with the formal pleading rules of the Tax Court. The complaint was dismissed on this motion. We think this was error.

The Commissioner's sole objection to Schildhaus' first complaint was that it failed to state with sufficient particularity the facts relied on for the defense of the Statute of Limitations. The motion for a further and better statement of those facts was granted, thereby notifying Schildhaus that if he failed to submit such a statement, paragraph 13 of his original complaint (raising the Statute of Limitations as a defense) would be stricken.

The hearings of September 8, 1965, and September 22, 1965, were held for Schildhaus to show cause why paragraph 13 of the original complaint should not be stricken. He was not obligated to attend those hearings, but was justified in relying on the sufficiency of the supplemental statement he had filed explaining the grounds for the defense of the statute of limitations. He was also justified in assuming that if the Tax Court found that the statement was not sufficient, the worst that could happen would be the striking of paragraph 13, and the consequent loss of the defense of statute of limitations.

Instead, Schildhaus' supplemental statement was treated as if it were the sole pleading he had offered in the case, and his entire complaint was dismissed upon the oral motion of the Commissioner. The grounds for dismissal were that the "amended pleading" failed to comply with the formal rules of the Tax Court. Schildhaus never received notice of that oral motion.

The Tax Court was certainly justified in striking paragraph 13 of Schildhaus' original complaint. However, we do not think that a dismissal on the merits of the entire complaint without notice to Schildhaus that he was in jeopardy of such a dismissal was a proper procedure. This case should be tried on the merits without further unnecessary delays. Having failed to comply with the simple requests of the Commissioner and the Tax Court to say when he filed the returns in question, Schildhaus may no longer raise the defense of the Statute of Limitations. On the other hand, the

Commissioner originally had no complaint about the formal aspects of the Schildhaus petition other than the insufficiency of the defense of the Statute of Limitations. Since that one objection has now been cured, we see no reason why this case should not now proceed to a disposition on the merits.

Reversed and remanded.