857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles E. McMANUS, III, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-2039.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 30, 1988.
Decided: Sept. 7, 1988.
 
 Charles E. McManus, III, appellant pro se.
 Gary Robert Portner Allen (Hirschler, Fleischer, Weinberg, Cox & Allen), David I. Pincus, William Shepard Rose, Jr., Howard M. Solomon (U.S. Department of Justice), William F. Nelson (Internal Revenue Service), for appellee.
 Before MURNAGHAN, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles E. McManus III appeals from the United States Tax Court's dismissal, for lack of jurisdiction, of his petition seeking a declaratory judgment pursuant to I.R.C. Sec. 7476. For the reasons discussed below, we vacate the judgment of dismissal and remand the action to the Tax Court.
 
 
 2
 On September 7, 1984, McManus filed his petition for a declaratory judgment in the Tax Court. Approximately three years later, the Commissioner filed a motion to dismiss for lack of jurisdiction. Unfortunately, in attempting to serve this motion on McManus, the Commissioner mailed it to the wrong address. However, shortly thereafter, the Tax Court sent by certified mail a notice of filing of the motion to dismiss to McManus's correct address. This notice stated that McManus must file any objection to the motion within twenty days. McManus failed to file any objection within the prescribed time period and on November 5, 1987, the district court granted the Commissioner's motion to dismiss.
 
 
 3
 On appeal, McManus argues that the dismissal was improper because he had no notice of the motion to dismiss and, thus, was deprived of the opportunity to oppose it. This argument is meritorious.
 
 
 4
 It is undisputed that the motion to dismiss was originally mailed to the wrong address and, therefore, was not properly served on McManus by the Commissioner. McManus was not properly served with the motion to dismiss until November 10, 1987, after the motion had been granted by the Tax Court. McManus contends that he had not received a copy of the motion until November 10 and the Commissioner does not contend otherwise.
 
 
 5
 The Commissioner argues that McManus had received actual notice of the motion because the Tax Court sent McManus a notice of filing on September 29, 1987. However, it appears that McManus may never have received the notice of filing. He has presented the statement of the postmaster of his local post office, which states that there is no record of delivery of a letter with certified mail number 152280 which, according to Tax Court records, was the number of the letter containing the notice of filing sent to McManus. Thus, there appears to be a strong likelihood that McManus had no notice of the pending motion to dismiss.
 
 
 6
 Such a lack of notice has been held to make dismissal improper. See Schildhaus v. Commissioner, 370 F.2d 549 (2d Cir.1966). Moreover, the motion to dismiss also appears to violate Tax Court rules. Because the motion to dismiss was supported by affidavits and other material, under Tax Court Rule 120(b), it must be treated as a motion for summary judgment. Tax Court Rule 121(b) requires that motions for summary judgment be properly served and contemplates that the adverse party be given an opportunity to respond to the motion. In this case, neither of these requirements was met.
 
 
 7
 Given the flawed nature of the motion and McManus's consequent lack of notice, we believe that McManus is entitled to relief. Accordingly, we vacate the judgment and remand the case to the Tax Court so that McManus may have an opportunity to respond to the Commissioner's motion to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 VACATED AND REMANDED.